## In re CORTLAND CONTAINER CORPORATION, Debtor.

### Bankruptcy No. B82–03450.

United States Bankruptcy Court, N.D. Ohio, E.D.

June 15, 1983.

Thomas A. Cicarella, and Mark I. Wallach, Calfee, Halter & Griswold, Cleveland, Ohio, for debtor.

Marilyn Shea-Stonum, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for Creditors' Committee.

Steven B. Potter, Schwarzwald, Robiner, Wolf & Rock, Cleveland, Ohio, for The United Steelworkers of America, AFL–CIO, CLC, The United Steelworkers of America Local Union Nos. 2124 and 6640, Employees of Cortland Container of Kansas City, Kansas, and Retirees.

## MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came on for hearing upon the application of retirees of Cortland Container Corporation ("Cortland") for allowance of claims for health and life insurance benefits, objection of Cortland, the evidence, exhibits and argument of counsel.

From the evidence, the Court makes the following findings of fact:

1. On August 1, 1979, a program of life insurance benefits for hourly employees of Cortland, pursuant to an agreement with the United Steelworkers of America, became effective. (Ex. 1)

2. A similar agreement setting forth retirees' rights to health insurance benefits became effective January 1, 1981. (Ex. 4)

3. The 1979 agreement provided, in pertinent part, that an employee who retired pursuant to the terms of the agreement "shall not have such basic life insurance terminated or reduced ... so long as he remains retired from the Company, notwithstanding the expiration of such agreement or booklet or of this Agreement, except as the Company and the Union may agree otherwise." (Ex. 1, p. 84) The health insurance agreement contains substantially identical language. (Ex. 4, p. 55)

4. On September 20, 1982, Cortland filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

5. Since filing the Chapter 11, Cortland has not made payments for life or health insurance coverage for hourly employees.

### Conclusions of Law

1. The collective bargaining agreement is an "employment contract" within the meaning of Section 502(b)(8) of the Bankruptcy Code.[1] The retirees' claim for health and life insurance benefits is a "claim for damages resulting from the termination of an employment contract." To hold otherwise would create an artificial distinction unwarranted by bankruptcy law provisions between employers with union employees and employers with nonunion employees.

2. The Employee Retirement Income Security Act of 1974 ("ERISA") sets no standards for vesting of life and health insurance plans. 29 U.S.C. § 1051(1). Unlike pension plans, rights under life and health insurance plans are vested (or not vested) according to the terms of the collective bargaining agreement.[2] Where the language of the bargaining agreement is ambiguous, the objective manifestation of the parties' intent determines whether the provisions vest. *Id.* The objective manifestations of the parties in this case show an intention that retirees' rights to life and health insurance vested.[3] Where courts have found that such rights do not vest, their opinions have been based upon specific language in the bargaining agreement which limited benefits to the term of the collective bargaining agreement.[4] Counsel for the retirees failed to identify any such specific language in the instant agreement.

3. Though retirees have a vested right to life and health insurance premiums, their right to payment of those premiums is not "unpaid compensation due" under Section 502(b)(8)(B) of the Bankruptcy Code.[5] The filing of the bankruptcy petition does not make claims for payment in the future "due" merely because a petition has been filed. *Cf.* Section 502(b)(7) which limits landlords' rights to recover payments in the future that are guaranteed under a lease contract.[6] The retirees' rights to payment of the premiums arise annually; as such, their rights are limited under Section

---

1. *See Smith v. Evening News Association,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Employees have contract-based right to sue for breach of collective bargaining agreement.

2. *Upholsterer's International Union v. American Pad and Textile Co.,* 372 F.2d 427 (6th Cir.1967); *UAW v. Cadillac Malleable Iron Co.,* 3 EBC 1369 (W.D.Mich.1982).

3. *See* Finding of Fact 3.

4. *Metal Polishers Local No. 11 v. Kurz-Kasch, Inc.,* 538 F.Supp. 368 (S.D.Ohio 1982); *UAW v. Roblin Industries, Inc.,* 561 F.Supp. 288 (W.D. Mich.1983).

5. Section 502(b)(8)(B) [11 U.S.C. 502(b)(8)(B) ] provides:

   (b) Except as provided in subsections (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
   (8) if such claim is for damages resulting from the termination of an employment contract, such claim exceeds—
   (B) the unpaid compensation due under such contract without acceleration on the earlier of such dates;

6. Section 502(b)(7) [11 U.S.C. 502(b)(7) ] provides:

   (b) Except as provided in subsections (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
   (7) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
   (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
   (i) the date of the filing of the petition; and
   (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
   (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

502(8)(A) [7] to premiums for one year following the date of the filing of the petition in bankruptcy.

---

**7.** Section 502(8)(A) [11 U.S.C. 502(8)(A)] provides:

(8) if such claim is for damages resulting from the termination of an employment contract, such claim exceeds—
(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—
(i) the date of the filing of the petition; and
(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus